IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRONTIER CREDIT UNION, formerly East Idaho Credit Union, an Idaho state-chartered credit union,<br><br>                Plaintiff,<br><br>vs.<br><br>ADAM C. SERR, SR., an individual; SHAYLA LYNN KELLEY, aka Shayla Lynn Hawkins, an individual; KRISTIN L. BERGESON, an individual; BRIGHT STAR FINANCIAL ADVISORS, LLC, an Idaho limited liability company; AMERIPRISE FINANCIAL SERVICES, LLC, a Delaware limited liability company; DOE BUSINESS ENTITIES 1-10, unknown business entities; and JOHN/JANE DOES 11-20, unknown individuals,<br><br>                Defendants. | Case No. 4:23-cv-00433-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Plaintiff's Motion to Amend the Complaint and Plaintiff's Motion to Reconsider the Dismissal of Defendant Ameriprise Financial Services, LLC with Prejudice. (Dkts. 17, 18). The Court finds oral argument would not significantly aid its decision-making process and decides the motions on the parties' submissions. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants the motions.

## I.     BACKGROUND

In October 2023, Frontier filed a consolidated action alleging thirteen claims for relief relating to the resignation of its employees Adam Serr, Shayla Kelly, and Kristin Bergeson.

(Dkt. 1). These employees resigned from Frontier to work for a newly created entity, Defendant Bright Star Financial Advisors, LLC. (Dkt. 1 at ¶¶ 109, 131). Bright Star allegedly has a contractual arrangement with Defendant Ameriprise Financial Services, LLC. The Complaint alleges the following claims: (1) breach of fiduciary duties and constructive fraud against Serr only; (2) fraud by affirmative misrepresentation, fraud by nondisclosure, breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief against Serr, Kelley, and Bergeson; and (3) misappropriation of trade secrets under Idaho Code § 48-801 and 18 U.S.C. § 1836, tortious interference with contract and with prospective economic advantage, unjust enrichment, and conversion against all Defendants, including Bright Star and Ameriprise. (Dkt. 1).

In response, Defendants Serr, Kelley, Bergeson, and Bright Star moved to stay the proceedings and to compel arbitration. (Dkt. 7). Ameriprise, who was originally sued in a separate action, likewise moved to compel arbitration and to stay the proceedings in this case. (Case No. 4:23-cv-00434-AKB, Dkt. 7). Alternatively, Ameriprise moved to dismiss the claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.

On May 24, 2024, the Court entered a Memorandum Decision and Order granting in part and denying in part the Motion to Stay the Proceedings and Compel Arbitration of Defendants Serr, Kelley, Bergeson, and Bright Star. (Dkt. 16). The Court ordered that Frontier must arbitrate Counts Nine, Ten, and Thirteen as alleged against Serr and Kelley and ordered the proceedings in the case be stayed pending arbitration. (*Id*. at pp. 15, 16). The Court granted the Motion to Stay the Proceedings and Compel Arbitration or, Alternatively, to Dismiss by Defendant Ameriprise and dismissed Frontier's claims against Ameriprise with prejudice for failure to state a claim. (*Id*. at p. 16). On June 14, Frontier filed a motion to reconsider the dismissal with prejudice of its claims against Ameriprise and a motion to amend the complaint. (Dkts. 17, 18).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This rule makes explicit the district court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). "However, although a court has the power to revisit its own decision for any reason, as a rule the court should be loathe to do so in the absence of extraordinary circumstances such as whether the initial decision was clearly erroneous and would work a manifest injustice." *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020) (citation omitted). Therefore, although the power to modify interlocutory orders is not subject to the limitations of Federal Rule of Civil Procedure 59, which provides for modification of final orders, district courts deciding a 54(b) motion are frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e). *Dickinson*, 2020 WL 2841517, at *10.

"[Rule 59(e)] offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Therefore, "[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (cleaned up). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.* The movant

bears the burden of establishing the existence of such a circumstance. *See, e.g.*, *United States v. Wetlands Water Dist.*, 134 F. Supp. 2d 1111, 1130-31 (E.D. Cal. 2001).

Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). The district court has discretion to deny a motion for reconsideration on the grounds that the movant's arguments could have been presented before. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (affirming district court's denial of motion for reconsideration).

## III.   ANALYSIS

Frontier moves the Court to reconsider its prior order dismissing Frontier's claims against Ameriprise with prejudice. (Dkt. 18). It argues the motion for reconsideration should be granted on two grounds. First, Frontier asserts the Court committed clear error by not allowing it an opportunity to amend the Complaint before the Court's order dismissing the Complaint as to Ameriprise with prejudice. Frontier argues that while the Court concluded Frontier failed to state a claim, the Court failed to provide an analysis or justifying reason why the Complaint could not possibly be cured by the allegation of other facts. (Dkt. 19 at p. 8). As support, Frontier cites *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990), for its holding that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Secondly, Frontier contends that reconsideration is appropriate because the proposed amended complaint contains factual allegations based on newly discovered evidence obtained after the filing of the Complaint. (Dkt. 19 at p. 9).

Ameriprise opposes the motions for reconsideration and to amend, asserting any amendment to the Complaint "would be futile because no facts exist to support any theory of liability against Ameriprise." (Dkt. 20 at p. 3). Ameriprise also argues the new allegations in the proposed amended complaint are "based information that plaintiff knew long ago" and "contain no new facts showing that Ameriprise engaged in wrongdoing in any of the six counts." (Dkt. 20 at p. 9).

Frontier requests the Court grant them leave to file an amended complaint to "to cure the deficiencies in their allegations against Ameriprise." (Dkt. 19 at p. 3). Rule 15 of the Federal Rules of Civil Procedure provides a trial court should grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2). The policy favoring leave to amend is to be applied with "extreme liberality." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." *Id*. Whether to grant or deny a motion to amend is within the district court's discretion, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*.

When granting Ameriprise's motion to dismiss, the Court reasoned, "Frontier's allegations against Ameriprise suggest only a possibility Ameriprise acted wrongfully and are inadequate to

**MEMORANDUM DECISION AND ORDER - 5**

state any claim against it, including a claim for tortious interference or otherwise." (Dkt. 16 at p. 8). The Court, however, failed to provide an analysis or justifying reason why the Complaint could not possibly be cured by the allegation of other facts, which is inconsistent with controlling precedent. *See Cook,* 911 F.2d at 247. The Court agrees with Frontier that reconsideration is necessary based on this error. Accordingly, the Court grants Plaintiff's Motion to Reconsider the Dismissal of Defendant Ameriprise Financial Services, LLC with Prejudice and Plaintiff's Motion to Amend the Complaint. (Dkts. 17, 18). Because the Court grants the motion for reconsideration on this basis, it will not address Frontier's alternative argument that the motion should be granted based on newly discovered evidence.

Finally, Ameriprise requests the Court order Frontier to pay Ameriprise's attorney fees incurred in connection with its Motion to Dismiss in the event the Court grants Frontier's motions to amend and reconsider. (Dkt. 20 at p. 12). As support, Ameriprise cites *McPhail's, Inc. v. Craighead*, 67 F.3d 307 (9th Cir. 1995), for its holding that the trial court did not err when awarding attorney fees related to a party's opposition to a frivolous motion. Ameriprise asserts it should be awarded attorney fees "related to bringing the unnecessary Motion to Dismiss, and those costs continue in connection with defending against this motion." (Dkt. 20 at p. 14). Because the Court does not conclude Frontier's conduct is frivolous, the Court denies Ameriprise's request for attorney fees.

### IV.   ORDER

**IT IS ORDERED** that:

1. Plaintiff's Motion to Reconsider the Dismissal of Defendant Ameriprise Financial Services, LLC with Prejudice (Dkt. 18) is **GRANTED**. The Court's May 24, 2024, Memorandum

Decision and Order (Dkt. 16) is modified to dismiss Frontier's claims Against Ameriprise **without prejudice**.

2. Plaintiff's Motion to Amend the Complaint (Dkt. 17) is **GRANTED**. Plaintiff must file an amended complaint with thirty (30) days of the issuance of this Order.

DATED: August 08, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge