UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRONTIER CREDIT UNION, formerly East Idaho Credit Union, an Idaho state-chartered credit union,<br><br>      Plaintiff,<br><br>      v.<br><br>ADAM C. SERR, SR., an individual; SHAYLA LYNN KELLEY, aka Shayla Lynn Hawkins, an individual; KRISTIN L. BERGESON, an individual; BRIGHT STAR FINANCIAL ADVISORS, LLC, an Idaho limited liability company; AMERIPRISE FINANCIAL SERVICES, LLC, a Delaware limited liability company; DOE BUSINESS ENTITIES 1-10, unknown business entities; and JOHN/JANE DOES 11-20, unknown individuals,<br><br>      Defendants. | Case No. 4:23-cv-00433-AKB (lead)<br>Case No. 4:23-cv-00434-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is the Motion to Stay Proceedings and Compel Arbitration or, Alternatively, to Dismiss the First Amended Verified Complaint of Defendant Ameriprise Financial Services, LLC (Ameriprise) (Dkt. 26). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

**MEMORANDUM DECISION AND ORDER - 1**

For the reasons explained below, the Court concludes that the tortious interference claims (Counts Seven and Eight) of Plaintiff Frontier Credit Union, formerly known as East Idaho Credit Union (Frontier), must be compelled to arbitration, while the remaining claims against Ameriprise are not arbitrable. Because arbitrable and non-arbitrable claims arise from the same operative facts, the Court stays the case, in its entirety, pending arbitration. Further, the Court denies Ameriprise's motion to dismiss as moot and orders the parties to provide regular updates regarding arbitration.

## FACTUAL BACKGROUND

The Court has previously summarized the facts in this case and only does so briefly here (*see* Dkt. 16). Frontier is an Idaho state-chartered credit union headquartered in Idaho Falls. From 2003 until August 2022, Frontier employed Defendants Adam Serr, Shayla Lynn Kelley, and Kristin Bergeson (collectively, Individual Defendants) in its investment services department. Serr, who ultimately became Vice President of Wealth Management, supervised Kelley and Bergeson (Dkt. 30 at 3-5).

To provide securities services, Frontier entered into Financial Institution Services (FIS) Agreements with LPL Financial, LLC (LPL), a licensed broker-dealer registered with the Financial Industry Regulatory Authority (FINRA). The original FIS Agreement was executed in 2007 and was amended and restated in 2022. Both agreements contain broad arbitration provisions requiring that disputes "shall be arbitrated" before FINRA or its predecessor (Dkts. 25-1, 25-7). Serr and Kelley also executed Representative Agreements with LPL in 2007 and 2016, respectively, each requiring arbitration of disputes before FINRA (Dkt. 25-2 at § 5; Dkt. 25-8 at § 6).

On August 25, 2022, the Individual Defendants resigned simultaneously from Frontier, formed Bright Star Financial Advisors, LLC (Bright Star), and affiliated with Ameriprise as independent contractors (Dkt. 25 ¶¶ 111, 195). Frontier alleges they solicited clients before

resigning and used confidential information to transfer Frontier's book of business, with Ameriprise facilitating and benefitting from the misconduct (Dkt. 30 at 6-7).

Ameriprise's relationship with the Individual Defendants was governed by Independent Advisor Business Franchise Agreements. Those agreements expressly designate the advisors as independent contractors, not agents, but acknowledge the confidentiality of client information. (Dkt. 27-1 at ¶ 21(A)-(B), 11-12).

On May 24, 2024, the Court dismissed the original complaint against Ameriprise for failure to state a claim and compelled arbitration of certain contractual claims against Serr and Kelley, but not statutory or common-law claims such as misappropriation of trade secrets, tortious interference, unjust enrichment, and conversion. (Dkt. 16 at 7-13). On August 8, 2024, the Court granted Frontier's motion to amend (Dkt. 24). The Amended Complaint followed, asserting expanded allegations against Ameriprise (Dkt. 25). Ameriprise renewed its motion to compel arbitration or, alternatively, to dismiss. (Dkt. 26).

## LEGAL STANDARD

The Federal Arbitration Act (FAA) provides that arbitration agreements within its scope are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. A party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" may petition the court for an order compelling arbitration. 9 U.S.C. § 4. The court's role is limited to determining: (1) whether a valid agreement to arbitrate exists and (2) whether the agreement encompasses the dispute at issue. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999).

Section 3 of the FAA requires that where issues are subject to arbitration, the court "shall" stay the proceedings pending arbitration. 9 U.S.C. § 3. Generally, a litigant cannot compel a nonsignatory to arbitrate. *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 870 (9th Cir. 2021). But

under equitable estoppel, a nonsignatory may enforce an arbitration agreement if the claims rely upon, or are intertwined with, the underlying agreement. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128-29 (9th Cir. 2013).

## DISCUSSION

### A. Arbitration of the Amended Complaint Against Ameriprise

Ameriprise argues that all six claims asserted against it are subject to FINRA arbitration under equitable estoppel, emphasizing that Frontier's claims necessarily depend upon, or are intertwined with, the FIS Agreements and Representative Agreements (Dkts. 26-1, 31). Frontier responds that the claims arise from statutory and common-law duties, not contractual rights, and that this Court already held such claims not arbitrable in its prior order (Dkt. 30 at 2-3, 12-13).

The Court concludes that Frontier's tortious interference claims—Counts Seven and Eight—must be compelled to arbitration. Count Seven expressly alleges Ameriprise interfered with Frontier's contracts with LPL, Serr and Kelley (Dkt. 25 at ¶ 354), making the contractual agreements central to the claim. Count Eight, which alleges tortious interference with prospective economic advantage, similarly rests on allegations that Ameriprise induced breaches of Frontier's agreements and diverted business relationships dependent on those agreements (*id.* at ¶¶ 358-368). Both claims therefore rely upon, and are intertwined with, the underlying agreements containing arbitration provisions.

The Court previously noted that Frontier's claims for tortious interference with contract against the Individual Defendants were not subject to arbitration (Dkt. 16 at 12-13). Frontier argues this forecloses Ameriprise's current request. The Court disagrees, however. Originally, Bright Star and the Individual Defendants moved to compel arbitration (Dkt. 7-1), and Ameriprise moved to compel arbitration or, alternatively to dismiss the claims against it (*see* Case No. 4:23-cv-00434-

**MEMORANDUM DECISION AND ORDER - 4**

AKB, Dkt. 7-1). At that time, Ameriprise was the only party to offer any analysis regarding whether claims for tortious interference must be arbitrated. The Court, however, did not address those arguments because it dismissed those claims. Now, with those claims revived and additional allegations made, Ameriprise reiterates its positions that the tortious interference claims brought against it are intertwined with the underlying agreement (Dkt. 13 at 5, 6; Dkt. 26-1 at 7-10). The Court finds Ameriprise's position persuasive.

By contrast, the remaining claims—misappropriation under the Idaho and federal trade secrets statutes (Counts Five and Six), unjust enrichment (Count Eleven), and conversion (Count Twelve)—assert statutory or equitable duties independent of the contracts. As explained in the Court's prior decision, such claims are not "inextricably intertwined" with the agreements and therefore are not arbitrable (Dkt. 16 at 12-13). Because Counts Seven and Eight are compelled to arbitration, and because the remaining claims arise from the same facts, judicial economy and consistency favor staying the entire case. *See* 9 U.S.C. § 3; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983). Proceeding in parallel would risk inconsistent outcomes and duplicate effort.

B. **Ameriprise's Motion to Dismiss**

Ameriprise alternatively moves to dismiss all claims under Rule 12(b)(6). It argues that if the Court does not grant its motion to stay proceedings and compel arbitration in full, then, the Court should dismiss the claims against it (Dkt. 26-1 at 11). Because the Court grants Ameriprise's motion to stay the proceedings and compel arbitration, it does not need to address Ameriprise's alternative motion to dismiss and denies that motion as moot.

Moreover, Frontier's amended complaint includes more thoroughly developed allegations than its original complaint. For example, Frontier alleges that Ameriprise knew of Serr's role as

**MEMORANDUM DECISION AND ORDER - 5**

Vice President of Wealth Management, entered into franchise agreements with the Individual Defendants while they were still employed at Frontier, and benefited from the transfer of clients and confidential information (Dkt. 30 at 16-17). It also references Ameriprise's franchise agreements, compliance certifications, and addenda, which Frontier contends demonstrate Ameriprise's knowledge of and control over the Individual Defendants (*id.* at 8-10). These allegations, if accepted as true, provide additional context connecting Ameriprise to the conduct alleged.

## ORDER

IT IS ORDERED:

1. Defendant Ameriprise Financial Services, LLC's Motion to Stay Proceedings and Compel Arbitration or, Alternatively, to Dismiss (Dkt. 26) is **GRANTED IN PART** and **DENIED IN PART**.

2. Counts Seven (tortious interference with contract) and Eight (tortious interference with prospective economic advantage) are compelled to arbitration.

3. Ameriprise's alternative motion to dismiss is **DENIED AS MOOT**.

4. Pursuant to 9 U.S.C. § 3, this action is STAYED in its entirety pending completion of arbitration proceedings.

5. The parties shall file joint status reports with the Court every ninety (90) days during the pendency of the arbitration and promptly notify the Court upon conclusion of the arbitration.

DATED: September 08, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6